## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

T.W, a minor, by and through : 
his father, THOMAS WALTMAN, : JURY TRIAL DEMANDED
and his mother, KAREN :
WOJTOWICZ, THOMAS :
WALTMAN, individually, and :
KAREN WOJTOWICZ, :
individually, :
                     :
         Plaintiffs, :
                     :
   v. :
                     : (JUDGE _____)
SOUTHERN COLUMBIA :
AREA SCHOOL DISTRICT, :
                     :
         Defendants. : No.: _____

### VERIFIED COMPLAINT

Plaintiff T.W. is a student athlete -- and a good one at that -- in his senior year at Southern Columbia Area High School. The Southern Columbia Area School District (the "District") has now suspended T.W. for one (1) calendar year from participating in all interscholastic athletics based upon T.W.'s alleged presence at a social gathering with adults present on or about September 5, 2020 despite the fact that T.W. was tested for drugs and alcohol thereafter -- and those tests came back negative. In fact, the District has no evidence that T.W. consumed alcohol at that gathering, supplied alcohol, and/or that he committed a crime by attending that gathering. Nevertheless, the District claims that T.W.'s suspension from interscholastic athletics is permissible based on a policy

(the "Drug and Alcohol Policy") contained in the District's High School Handbook.

The Drug and Alcohol Policy purports to be universally applicable to all students. (See infra, ¶ 34 and Ex. "B" hereto). First, it states that "[n]o student shall knowingly attend any party or other social gathering where underage drinking and drug use occurs." (See infra, ¶ 34). Then it goes on to say:

> Any student who is found to have voluntarily remained in the vicinity of a gathering prohibited by this section shall be guilty of a violation of this rule whether or not he or she consumes or uses any prohibited substance.

(See id.). Ostensibly, the Drug and Alcohol Policy applies to all students.

But those statements are where the applicability of the Drug and Alcohol Policy to the student body at large begin-and-end. Indeed, while purportedly applying to all students, only athletes are disciplined for an off-campus violation of the Drug and Alcohol Policy by way of suspension from "interscholastic athletics[.]" (See id.). Restated, **the only form of punishment contemplated by the Drug and Alcohol policy is suspension of athletes from competition**. The ridiculousness of the Drug and Alcohol Policy is clear from a simple example: two football players attend an off-campus party with ten other students, none of whom are athletes, but who instead participate in other extracurricular activities, such as student council, drama club, yearbook, Tiger News, jazz band, etc.. The two football players do not consume alcohol but the

2

other attendees at the party all drink. While all twelve students have violated the Drug and Alcohol Policy by their attendance at the party, only two students will be punished: the two that did not drink. In short, this outcome -- just like the Drug and Alcohol Policy itself -- is absurd.

There is no debate. The Drug and Alcohol Policy intentionally targets and discriminates against student athletes. Whatever perverted notion exists for its punishment scheme, namely the false premise that athletes -- and only athletes -- engage in underage drinking in high school, the Drug and Alcohol Policy is, quite plainly, unconstitutional. There is no plausible reason for the Drug and Alcohol Policy to ostensibly apply to all students yet only punish athletes for a violation thereof. Thus, even under rational basis review, the Drug and Alcohol Policy violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The District should be immediately enjoined from enforcing it. In support thereof and of their claims of wrongdoing, Plaintiffs allege as follows:

## PARTIES

1.     Plaintiff T.W. is a seventeen (17) year old minor student who is in his senior year at Southern Columbia Area School District.

2.     Plaintiff T.W. resides with his father, Plaintiff Thomas Waltman ("Mr. Waltman"), at 18 Hillcrest Drive, Elysburg, Ralpho Township, Northumberland County, Pennsylvania 18724.

3

3.      Karen Wojtowicz ("Mrs. Wojtowicz"), T.W.'s mother, is an adult individual domiciled at 75 West Lake Glory Road, Cattawisa Borough, Columbia County, Pennsylvania 17820.

4.      Defendant Southern Columbia Area School District is a political subdivision of the Commonwealth of Pennsylvania located in Columbia County, Pennsylvania.

5.      The District serves several communities in Columbia County, as well as Ralpho Township in Northumberland County.

6.      The District maintains its business offices at 800 Southern Drive, Catawissa, Pennsylvania 17820.

## JURISDICTION AND VENUE

7.      Plaintiffs incorporate the preceding paragraphs as if set forth at length.

8.      This action seeks to vindicate rights protected by the Fourteenth Amendment to the United States Constitution, and is brought under 42 U.S.C. § 1983.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.    This Court also has jurisdiction under 28 U.S.C. §§ 2201 and 2202 to declare the rights of the parties and to grant all further relief found necessary and proper.

9.      Plaintiffs also invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a) and pendant and ancillary claim jurisdiction

over the state law claims raise herein.

## FACTUAL ALLEGATIONS

10.     Plaintiffs incorporate the preceding paragraphs as if set forth at length.

11.     T.W. is a senior, i.e., a twelfth grade student, at the Southern Columbia Area High School.

12.     T.W. is a member of the District's varsity football team, wrestling team, and track and field team.

13.     T.W. was state-ranked in wrestling during his junior season, and has received letters of interest to continue his wrestling career in college.

14.     In or about November 2019, T.W. was, admittedly, involved in an off-campus incident with alcohol.

15.     T.W. and his family voluntarily reported that incident to the District.

16.     Nonetheless, T.W. was suspended for twenty-five percent (25.00%) of the games for the 2019 football season, i.e., two-and-a-half (2.5) games.

17.     As a consequence of his actions in November 2019, T.W. was required to undergo drug and alcohol counseling, and he was placed on probation.

18.     In February 2020, following a wrestling meet, T.W. attended an off-campus gathering.

19.     T.W. did not drink or consume alcohol at that party, nor did he use

5

any other controlled substance.

20.     Following the party, and as a consequence of his probation, T.W. was tested for controlled substances, all of which came back negative.

21.     The District learned of T.W.'s presence at the party, and the District suspended T.W. from participating in the remainder of the 2020 wrestling season, as well as the first four (4) games of the 2020 football season.

22.     After discussions between T.W., his parents, and the District, the suspension related to the football season was reduced likely, in part, because as a member of the track-and-field team, the remainder of the suspension for the February 2020 incident should have been served during that season.

23.     On September 5, 2020, T.W. allegedly attended an off-campus gathering where other students and adults were present.

24.     T.W. did not drink alcohol or use controlled substances.

25.     T.W. was tested by his probation officer and counselor, and that test was negative for drugs and alcohol.

26.     Subsequently, Plaintiffs were advised that the District suspected that T.W. was in attendance at that gathering and, as a result, T.W. was suspended from participating in all athletics for the 2020-2021 school year.

27.     The District's first varsity football game of the 2020 season is scheduled for Friday, September 18, 2020.

6

28.     Currently, James A. Becker ("Mr. Becker") is the District Superintendent, Jim Roth ("Mr. Roth") is the District Athletic Director, and William Callahan ("Mr. Callahan") is the High School Principal.

## THE HIGH SCHOOL HANDBOOK/ATHELETIC HANDBOOK

29.     Plaintiffs incorporate the preceding paragraphs as if set forth at length.

30.     The District's disciplinary action against T.W. is based on a provision of the District's High School Handbook entitled "Tobacco/Nicotine Products/Alcohol/Controlled Substances/Paraphernalia[,]" referred to herein as the "Drug and Alcohol Policy". (A true and correct copy of the District's High School Handbook is attached hereto as Exhibit "A"; a true and correct excerpt of the Drug and Alcohol Policy is attached hereto as Exhibit "B").[1]

31.     The Drug and Alcohol Policy is repeated in the 2020-2021 Athletic Handbook in nearly identical words. (A true and correct copy of the 2020-2021 Athletic Handbook is attached hereto as Exhibit "C").

32.     Based on information and belief, the District school board authorized the adoption of the Drug and Alcohol Policy and required said policy to be

---

[1]     Exhibits "A" and "B" are contained in the 2019-2020 High School Handbook, which was obtained from the District's website at http://www.scasd.us/district/student-handbooks (last visited September 15, 2020). The District does not appear to have updated -- or at least made available -- a handbook for the 2020-2021 school year. (See id.).

7

submitted to the District's administration for approval.  (See Ex. "A").

33.    The Drug and Alcohol Policy was approved and/or ratified by the District's administration as evidenced by the fact that it is contained in the District's High School Handbook and the Athletic Handbook.  (See Exs. "A"-"C").

34.    The Drug and Alcohol Policy reads as follows:

No student shall, while on or off campus, sell, give, deliver, use, possess or be under the influence of alcohol/controlled substances/paraphernalia.

- All violations which occur while under the jurisdiction of the School District will be subject to consequences as outlined in SCA Policy 227.

- A first off-campus violation, will result in a suspension of 25% of the games of the current or upcoming season in which student is involved including the next school year.  For example, if a season has 20 games on its original schedule the student would be excluded from 5 games. When a suspension is not satisfied at season's end, the remaining balance will carry over and be applied to the next season in which the athlete participates.  A contract may be required.

- All second off-campus violations will result in the student being suspended from participating in interscholastic athletics for 50% of current or upcoming season in which student is involved even if it extends into the next school year.  For example, if a season has 20 games on its original schedule the student would be excluded from 10 games.  When a suspension is not satisfied at season's end, the remaining balance will carry over and be applied to the next season in which the athlete participates.

- If a suspension carries over to the next season, the principal will determine the amount of games suspended.

- All third off-campus violations, students will be suspended from

participating in interscholastic athletics for one (1) full calendar year.

- For all forth off-campus violations, students will be suspended from participating in interscholastic athletics for the remainder of his/her enrollment as a student with the Southern Columbia Area School District.

No student shall knowingly attend any party or other social gathering where underage drinking and drug use occurs. This rule is intended to apply to gatherings that consist primarily of students and student age individuals where underage drinking is occurring, usually without the knowledge or acquiescence of the parents, and shall not apply to events such as a wedding, family reunion, or the like. It shall not be a defense to this rule that a gathering of students at which alcohol and drugs are consumed was sanctioned by any parent, or held with parental consent. It is the attendance at such gatherings that is prohibited by this rule. Actual consumption of alcohol or use of drugs is not a prerequisite to establish a violation of this rule. Any student who is found to have voluntarily remained in the vicinity of a gathering prohibited by this section shall be guilty of a violation of this rule whether or not he or she consumes or uses any prohibited substance. No student will be deemed to have violated this rule if he or she can show to the satisfaction of the school Principal that, immediately upon becoming aware that underage drinking and/or drug use is present at a party or social gathering, he/she completely removed himself/herself from the place where the party or social gathering was held, including parking areas.

(Ex. "B").

## COUNT I
### T.W. through his parents Mr. Waltman and Mrs. Wojtowicz v. The District

### FOURTEENTH AMENDMENT- EQUAL PROTECTION VIOLATION

35. Plaintiffs incorporate the preceding paragraphs as if set forth at length.

36. T.W.'s Fourteenth Amendment equal protection claim in Count I of

9

this Verified Complaint is brought pursuant to 42 U.S.C. 1983.

37.    The District's Drug and Alcohol policy facially violates the rights of T.W. -- as well as all other student athletes in the District -- in violation of the Equal Protection Clause of the Fourteenth Amendment.

38.    In particular, the Drug and Alcohol Policy is intentionally discriminatory to student athletes, such as T.W., when compared to the District student body as a whole.

39.    Under the terms of the Drug and Alcohol Policy, **student athletes -- and only student athletes -- are punished for an off-campus violation of that policy**. (See Ex. "B").

40.    In other words, **a District student that commits an off-campus violation of the Drug and Alcohol Policy and participates in any-non athletic-based extracurricular activity is not disciplined**. (See Ex. "B" (noting off-campus violations result in the suspension of percentage or games for first and second violations, a suspension from participation in "interscholastic athletics for one (1) full calendar year" for a third violation, and a career ban from "interscholastic athletics" for a fourth violation)).

41.    Notably, in addition to athletics, the District promotes a broad array of extracurricular activities offered to its high school students:

HS Student Activities
SCA Clubs and Activities

10

Southern Columbia Area High School students have the opportunity to participate in a wide variety of activities. Activities meet during the weekly *Activity Period,* prior to school, and/or after school.

1. FBLA – Future Business Leaders of America
2. PRIDE – Tolerance/Diversity club
3. Encore – Musical production
4. Ski Club – ski trips for students during the winter season
5. Honor Society – Academic association
6. Dramatics Club – Play production
7. Student Council – Student leadership organization
8. Science Club – Science organization including Envirothon competition
9. Varsity Club – Athletic leadership organization
10. Tiger News – Production of the school's daily news broadcast
11. Model UN – World issue competition
12. Forensics Club – Debate competition club
13. Yearbook – responsible for publishing the annual yearbook
14. Library Club- organization to promote reading and increase library programming
15. Empty Bowl Club - student sponsored charity soup luncheon and art auction
16. Scholastic Competition Club - compete in local scholastic competitions
17. Art Club - provides creative opportunities and promotes the Visual Arts at SCA
18. Jazz Band - a small instrumental ensemble learning how to play in the style of Jazz
19. Spanish Club - promotes the Spanish language and culture
20. Gospel Choir - Select - Touring choir
21. SkillsUSA - A Career & Technology Student Organization including hands-on vocational competitions
22. Spanish National Honor Society - Academic association

(A true and correct copy of the District's High School Student Activities is attached hereto as Exhibit "D" and can be located at http://www.scasd.us/sca-high-school/hs-student-activities (last visited September 15, 2020)).

11

42.   The effect of the Drug and Alcohol Policy is that a <u>student</u> <u>athlete</u> that attends a party with alcohol but <u>does</u> <u>not</u> <u>drink</u> **will be suspended** from participation on his or her sports team, while a non-athlete student attending the same party **that drinks** (or does not drink) **will not be suspended** from his or her extracurricular activities, such as, for example, Encore, Student Council, Jazz Band, Gospel Choir, Yearbook, and/or Tiger News. (<u>See</u> Ex. "B").

43.   There is no rational relationship between the District's interest in prohibiting students from drinking off-campus, assuming it has a legitimate one, and the Drug and Alcohol Policy targeting its punishment at -- and only at -- student athletes.

44.   The Drug and Alcohol Policy's off-campus restrictions are therefore not rationally related to any District interest preventing underage drinking and drug usage.

45.   As a direct and proximate result of the District's previously stated acts and omissions, T.W. has suffered damages.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against the District including, but not limited to, a temporary restraining order against the enforcement of the Drug and Alcohol Policy against T.W., a preliminary injunction against the District's enforcement of the Drug and Alcohol Policy against T.W., a permanent injunction against the District's future use of the

Drug and Alcohol Policy, a declaration that the Drug and Alcohol Policy violates T.W.'s rights under the Equal Protection Clause of the Fourteenth Amendment, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

## COUNT II
**T.W. through his parents Mr. Waltman and Mrs. Wojtowicz v. The District**

### VIOLATION OF STATE LAW

46.     Plaintiffs incorporate the preceding paragraphs as if set forth at length.

47.     24 P.S. § 5-510 provides in pertinent part:

> The board of school directors in any school district may adopt and enforce such reasonable rules and regulations as it may deem necessary and proper . . . regarding the conduct and deportment of all pupils attending the public schools in the district, during such time as they are under the supervision of the board of school directors and teachers, including the time necessarily spent in coming to and returning from school.

24 P.S. § 5-510.

48.     Pursuant to § 5-510, Pennsylvania law prohibits school districts from punishing students for conduct occurring outside of school hours. See id.

49.     School districts do not have inherent power to implement any policy they deem fit in the name of school safety.

50.     A school district's rulemaking authority is limited to that which is expressly or by necessary implication granted by the General Assembly

regardless of how worthy the purported goal.

51.     The District's suspension of T.W. is based on alleged violations of the Drug and Alcohol Policy pertaining to off-campus events when T.W. was not under the supervision of the District.

52.     The Drug and Alcohol Policy and T.W.'s suspension pursuant thereto improperly and illegally exceed the District's in loco parentis authority under the Pennsylvania School Code, 24 P.S. §1-101, et seq., in that T.W. was not "under the supervision" of the District's School Board of Directors and, therefore, it improperly regulates activities which are not school related and not on school premises.

53.     As a result, the District's disciplinary action towards T.W. is in violation of state law.

54.     In the alternative, even if the Drug and Alcohol Policy does not violate state law -- which it does -- the District's enforcement of that policy against T.W. here is arbitrary and in contravention of the Drug and Alcohol Policy's terms.

55.     As stated, following the incident in November 2019, T.W. and his family voluntarily reported that incident to the District.

56.     Pursuant to the Handbook, by self-reporting that incident to the District, T.W. was not subject to the minimum penalties imposed by the Drug

and Alcohol Policy:

**Self-Referral**

Any student who is self-referred, or who is voluntarily referred by a parent, and who seeks help with controlled substance use, abuse, or dependency, and who is not at the time of referral under the influence or in possession of a controlled substance shall not be subject to the minimum penalties, and may be referred to the SAP Team for assistance.

A self-referral/parental referral, however, is not to be used by students and parents as a method to avoid consequences once an alcohol and/or drug policy violation has occurred. All self-referrals by student must begin by informing a staff member, coach, Athletic Director/Administration, or Advisor.

(Ex. "A", 42).

57.     Given T.W, Mr. Waltman and Mrs. Wojtowicz voluntarily referred T.W. to the District in November 2019, that incident should not have been subject to the minimum penalties of the Drug and Alcohol Policy.

58.     Moreover, as a self-referral, the incident in February 2020 should have been considered, at most, T.W.'s first violation of the Drug and Alcohol Policy -- for which he has already served a full suspension by way of the remainder of the 2020 wrestling season and the 2020 track and field season, and the September 2020 incident should be counted as T.W.'s second violation of the Drug and Alcohol Policy.

59.     Instead, by wrongly including the late November 2019 incident as a violation, the District incorrectly suspended T.W. from athletic activities for one

(1) year in September 2020 when, at most, he should be suspended for fifty percent (50%) of the 2020 football season.

60.    The District's application of the Drug and Alcohol Policy is arbitrary, capricious, and cannot stand.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against the District including, but not limited to, a temporary restraining order against the enforcement of the Drug and Alcohol Policy against T.W., a preliminary injunction against the District's enforcement of the Drug and Alcohol Policy against T.W., a permanent injunction against the District's future use of the Drug and Alcohol Policy, a declaration that the off-campus application of the Drug and Alcohol Policy violates 24 P.S. § 5-510, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**COUNT III**
**Mr. Waltman, individually and Mrs. Wojtowicz, individually v. The District**

**FOURTEENTH AMENDMENT – DUE PROCESS VIOLATION**

61.    Plaintiffs incorporate the preceding paragraphs as if set forth at length.

62.    Mr. Waltman and Mrs. Wojtowicz's claim in Count III of this Verified Complaint is brought pursuant to 42 U.S.C § 1983 for the District's violation of their rights under the Fourteenth Amendment.

63.    The Due Process Clause of the Fourteenth Amendment protects the

fundamental right of parents to make decisions concerning the care, custody, and control of their children.

64.     The Drug and Alcohol Policy impermissibly infringes on Mr. Waltman and Mrs. Wojtowicz's right to make decisions concerning their child, T.W.

65.     The Drug and Alcohol Policy constitutes manipulative, coercive, and/or restraining conduct by the District.

66.     In that regard, the District's Drug and Alcohol Policy prevents student athletes from socializing with their classmates and attending parties and gatherings with their classmates even when the student athlete does not drink or engage in any unlawful activity.

67.     The Drug and Alcohol Policy therefore interferes with a parents' right to determine when, where, and under what circumstances their child can socialize with his or her classmates and friends.

68.     At the gatherings at issue in February and September 2020, T.W. did not drink or otherwise use controlled substances as subsequent tests confirmed.

69.     No criminal charges were filed against T.W. for his presence at those parties, and T.W.'s presence at those parties, where he did not provide, supply, or consume any alcohol or controlled substances did not violate state or federal law.

70.     The District's Drug and Alcohol Policy's application to off-campus,

17

legal student activity is an unwarranted overreach and an unconstitutional intrusion on rights of parents to make decisions concerning the care and custody of their children.

**WHEREFORE**, Plaintiffs demands judgment in their favor and against Defendant including, but not limited to a temporary restraining order against the enforcement of the Drug and Alcohol Policy, a preliminary injunction against the District's enforcement of the Drug and Alcohol Policy, a permanent injunction against the District's future use of the Drug and Alcohol Policy, a declaration that the off-campus application of the Drug and Alcohol Policy violates Mr. Waltman and Mrs. Wojtowicz's rights under the Fourteenth Amendment, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that this Court provide the following relief:

(a) Declare that the District's disciplinary action against T.W. for his off-campus conduct violated T.W.'s equal protection rights under the Fourteenth Amendment to the United States Constitution;

(b) Declare that the District's Drug and Alcohol Policy's off-campus punishment provision is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

(c) Issue a Temporary Restraining Order and Preliminary Injunction enjoining the District from any continuing

punishment or suspension of T.W. on account of his off-campus conduct, including immediately reinstating T.W.'s eligibility to participate in all interscholastic athletics for the 2020-2021 school year, including the football, wrestling, and track and field teams;

(d)     Issue a Temporary Restraining Order and Preliminary Injunction enjoining the District from enforcing the Drug and Alcohol Policy in violation of Mr. Waltman and Mrs. Wojtowicz's rights under the Fourteenth Amendment;

(e)     Award Plaintiffs' damages in an amount to be determined at trial;

(f)     Award Plaintiffs costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

(f)     Award such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

For all issues so triable, Plaintiffs demand a trial by jury.

Respectfully submitted,

s/John G. Dean
John G. Dean
Mark W. Bufalino
Matt G. Boyd
Chad J. Sweigart
Elliott Greenleaf
15 Public Square - Suite 310
Wilkes-Barre, Pa. 18701
(570) 371-5290

Counsel for Plaintiffs

DATED: September 16, 2020

## **VERIFICATION**

I, THOMAS WALTMAN, certify and affirm that the factual statements contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief, and are made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsifications to authorities.

DATED: September *16* , 2020

## **VERIFICATION**

I, KAREN WOJTOWICZ, certify and affirm that the factual statements contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief, and are made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsifications to authorities.

*Karen Wojtowicz*

DATED: September *16*, 2020

## **VERIFICATION**

I, T.W., certify and affirm that the factual statements contained in the foregoing verified complaint are true and correct to the best of my knowledge, information and belief, and are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

_T.W._

DATED: September 16, 2020

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T.W, a minor, by and through his father, THOMAS WALTMAN, and his mother, KAREN WOJTOWICZ, THOMAS WALTMAN, individually, and KAREN WOJTOWICZ, individually, | : <br> : JURY TRIAL DEMANDED <br> : <br> : <br> : <br> : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : <br> : (JUDGE _____) |
| SOUTHERN COLUMBIA AREA SCHOOL DISTRICT, | : <br> : <br> : |
| Defendants. | : No.: _____ |

### CERTIFICATE OF SERVICE

I, Chad J. Sweigart, hereby certify that a true and correct copy of the

foregoing Verified Complaint was served upon the following as follows:

**VIA HAND DELIVERY**
Southern Columbia Area School District
800 Southern Drive
Catawissa, Pennsylvania 17820

**VIA FAX  814-283-7041 and 814-943-3430**
BEARD LEGAL GROUP PC
Carl Beard
3366 Lynnwood Drive
Altoona, PA  16602
District Solicitor

/s/ Chad J. Sweigart
Chad J. Sweigart

DATED:    September 16, 2020